### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>CHIPOTLE SERVICES, LLC,<br><br>Defendant. | Case No.<br><br>Demand for Jury Trial |

## **NATURE OF THE ACTION**

This is a religious harassment and retaliation case under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991. Plaintiff seeks relief on behalf of Areej Saifan, a Muslim woman and former employee of Defendant Chipotle Services. While Saifan worked for Defendant, her supervisor repeatedly, and over several weeks, harassed her because of her religion. He continually asked her to remove her hijab and show him her hair despite Saifan's demands that he leave her alone. Not dissuaded, Saifan's supervisor ultimately grabbed and partially removed her hijab, exposing her hair. The harassment, and Defendant's inaction, constructively discharged Saifan. In addition, Defendant retaliated against Saifan for complaining of the episode by failing to schedule her for work.

## JURISDICTION AND VENUE

1. Jurisdiction is proper under 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.

2. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3. Venue is proper in this Court pursuant to 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment practices were committed within the jurisdiction of the United States District Court for the District of Kansas.

## PARTIES

4. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

5. At all relevant times, Defendant Chipotle Services, LLC ("Chipotle" or "Defendant") has continuously been a limited liability company doing business in the State of Kansas and has continuously had at least fifteen (15) employees.

2

6.  At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

7.  More than thirty (30) days prior to the institution of this lawsuit, Areej Saifan timely filed a charge of discrimination (Charge No. 563-2021-02627) with the Commission. Saifan's charge alleged Defendant violated Title VII.

8.  The Commission sent Defendant timely notice of Saifan's charge.

9.  On January 12, 2023, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Defendant violated Title VII by subjecting Saifan to religious harassment, constructively discharging her employment, and retaliating against her.

10. The Letter of Determination invited Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

11. The Commission engaged in communications with Defendant to provide it the opportunity to remedy the discriminatory practices described in the Letter of Determination and provide appropriate relief to Saifan.

12. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

13. On May 24, 2023, the Commission issued to Defendant a Notice of Failure of Conciliation.

14. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF FACTS

15. Defendant owns and operates a restaurant, Chipotle Mexican Grill, located at 16101 W. 87th Street Lenexa, Kansas 66219.

16. Defendant hired Saifan as a line server for the restaurant in or around 2020.

17. Saifan is a Muslim woman.

18. In observance of her Islamic faith, Saifan wears a hijab and did so throughout her employment at Chipotle.

19. Saifan sincerely holds her Muslim faith.

20. Saifan sincerely believes her faith requires her to wear a headscarf.

21. Kevin Silva Garcia ("Garcia") was an assistant manager for Defendant at the restaurant where Saifan worked.

22. Kim Benavente-Fernandez ("Benavente-Fernandez") was a shift manager for Defendant at the restaurant where Saifan worked.

23. Throughout Saifan's employment with Defendant, Garcia supervised Saifan.

24. Throughout Safian's employment with Defendant, Benavente-Fernandez supervised Saifan.

25. Since at least July 2021, Defendant Chipotle has engaged in unlawful employment practices at its Lenexa location in violation of Section 703 of Title VII, 42 U.S.C. §§ 2000e-2.

26. The unlawful practices include subjecting Saifan to a barrage of harassing conduct based on her religion by her supervisor. The conduct included incessant requests to see Saifan's hair and culminated in her supervisor grabbing and partially removing her hijab, exposing her hair.

27. In early July 2021, when Saifan was nineteen, Garcia began asking her to remove her hijab, telling her he wanted to see her hair.

28. Saifan immediately rebuffed Garcia's requests and explained that she wore the hijab because of her religious beliefs and could not remove it.

29. Saifan told Garcia his requests to see her hair were inappropriate for the workplace and that removing her hijab would be akin to removing her clothing and exposing her body.

30. Garcia's harassment continued over several weeks, pressuring Saifan to remove her hijab so he could see her hair.

31. Garcia demanded to see Saifan's hair approximately ten to fifteen times over the course of approximately one month.

5

32. Each time Garcia demanded to see Saifan's hair or asked her to remove her hijab, Saifan resisted Garcia's requests and reiterated her religious beliefs.

33. At various times, Garcia made his requests in front of other employees.

34. At various times, Garcia made his requests in front of Benavente-Fernandez.

35. Saifan complained to Benavente-Fernandez about Garcia's harassment, telling her it was unwelcome and made her uncomfortable.

36. On at least one occasion, Benavente-Fernandez told Garcia he should stop asking to see Saifan's hair, but Benavente-Fernandez took no further action to stop Garcia.

37. Benavente-Fernandez did not report Garcia's harassment to higher management.

38. Benavente-Fernandez's failure to further report Garcia violated Chipotle's policies.

39. On August 9, 2021, Saifan, Garcia, and Benavente-Fernandez were closing the restaurant for the evening and Garcia again began asking to see Saifan's hair. Saifan again refused, reiterating that she could not remove her hijab because of her religion.

6

40. On August 9, 2021, Garcia advanced on Saifan, reached out, grabbed her hijab, and yanked. As a result, part of Saifan's hijab came off, exposing her hair. Only the pins holding the hijab in place kept it from falling to the ground.

41. Benavente-Fernandez witnessed Garcia's attempt to physically remove Saifan's hijab.

42. Saifan reported Garcia's repeated requests to see her hair, her repeated opposition to his harassment, and Garcia's attempt to physically remove her hijab to Field Manager David Clark and Store Manager Gio Salcedo.

43. On August 10, 2021, as a result of Garcia's threats and management's repeated failures to address the harassment, Saifan resigned and tendered her two-weeks' notice, identifying August 24, 2021 as her last day of employment.

44. On August 20, 2021, Chipotle terminated Garcia's employment not for his harassment but for engaging in a consensual romantic relationship with Benavente-Fernandez against company policy.

45. Chipotle did not schedule Saifan for any new shifts after she submitted her two-weeks' notice.

46. It is Chipotle's usual practice to continue scheduling employees to work during the two-week period following an employee's two-weeks' notice.

47. Other non-Muslim employees who tendered their two-weeks' notice at the same time as Saifan continued to be scheduled for shifts at the Lenexa location during this time.

48. On August 17, 2021, the store manager contacted Saifan to ask if she would like to transfer to a different location "that way you don't lose your job."

49. Defendant permitted Garcia to continue working at the Lenexa location until he was terminated.

50. Chipotle constructively discharged Saifan from employment.

## STATEMENT OF CLAIMS

### COUNT I

### (Title VII – Unlawful Harassment/Religion)

51. Plaintiff incorporates by reference the allegations in the foregoing paragraphs as if fully set forth herein.

52. Garcia's offensive and incessant requests that Saifan remove her hijab and expose her hair were unwelcome, intentional, severe, pervasive, based on religion, and created a hostile working environment based on religion.

53. Garcia's attempt to physically remove Saifan's hijab, and his partial success, was unwelcome, intentional, severe, based on religion, and created a hostile working environment based on religion.

8

54. Garcia was Saifan's supervisor when he harassed her.

55. Saifan complained of Garcia's harassment and Defendant knew or should have known of the harassment anyway.

56. Defendant failed to prevent or correct Garcia's harassment of Saifan.

57. Garcia's conduct was egregious, humiliating, and intimidating.

58. The effect of the practices complained of above was to deprive Saifan of equal employment opportunities and otherwise adversely affect her employment status based on her religion.

59. The unlawful employment practices complained of were done with malice or with reckless indifference to the federally protected rights of Saifan.

60. As a direct and proximate result of the practices complained of in the foregoing paragraphs, Saifan suffered actual pecuniary and non-pecuniary damage, including but not limited to lost earnings and benefits, emotional distress, pain and suffering, anxiety, loss of enjoyment of life, humiliation, embarrassment, and inconvenience.

## COUNT II

### (Title VII – Constructive Discharge)

61. Plaintiff incorporates by reference the allegations in the foregoing paragraphs as if fully set forth herein.

62. Chipotle constructively discharged Saifan because of her religion.

63. A reasonable person in Saifan's position would have felt compelled to resign when Saifan did.

64. The effect of the practices complained of above has been to deprive Saifan of equal employment opportunities and otherwise adversely affect her employment status based on her religion.

65. The unlawful employment practices complained of were intentional.

66. The unlawful employment practices complained of were done with malice or with reckless indifference to the federally protected rights of Saifan.

67. As a direct and proximate result of the practices complained of in the foregoing paragraphs, Saifan has suffered actual pecuniary and non-pecuniary damage, including but not limited to lost earnings and benefits, emotional pain, suffering, embarrassment, and inconvenience.

## COUNT III

## (Title VII- Retaliation)

68. Plaintiff repeats, re-alleges, and incorporates by reference the allegations in the foregoing paragraphs of this Complaint as if fully set forth herein.

69. Defendant engaged in unlawful employment practices in violation of Section 704 of Title VII. 42 U.S.C. § 2000e-3(a). Specifically, Defendant retaliated against Saifan for engaging in protected conduct.

70. Saifan engaged in statutorily protected conduct on multiple occasions between July and August 2021 when she complained of the increasingly hostile work environment she was subjected to based on her religion as described above.

71. Defendant retaliated against Saifan for engaging in the protected conduct by refusing to schedule her for additional shifts unless she was willing to work at a different location, while allowing her harasser to continue working at the same location.

72. The effect of the practices complained of has been to affect the terms and conditions of employment for Saifan, to deprive her of equal employment opportunities, and to otherwise adversely affect her status as an employee based on her religion.

73. The unlawful employment practices complained of were intentional.

74. The unlawful employment practices complained of were done with malice or with reckless indifference to the federally protected rights of Saifan.

75. As a direct and proximate result of the practices complained of in the foregoing paragraphs, Saifan has suffered actual pecuniary and non-pecuniary damage, including but not limited to lost earnings and benefits, emotional pain, suffering, embarrassment, and inconvenience.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Chipotle Services, LLC, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of religion, including the harassment of employees because of their religion in violation of 42 U.S.C. § 2000e-2(a);

B. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with Defendant, from retaliating against employees who oppose such unlawful employment practices;

C. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees of all religions, including Islam, for persons who engage in protected activity under Title VII, and which eradicate the effects of its past and present unlawful employment practices;

D. Order Defendant to make Saifan whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices, including but not limited to front pay;

E. Order Defendant to make Saifan whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above in amounts to be determined at trial;

F. Order Defendant to make Saifan whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including but not limited to emotional distress, pain and suffering, anxiety, loss of enjoyment of life, humiliation, embarrassment, and inconvenience, in amounts to be determined at trial;

G. Order Defendant to pay punitive damages for its willful, malicious, or reckless conduct, as described above, in amounts to be determined at trial;

H. Grant such other and further relief as this Court deems necessary and proper in the public interest; and

I. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

## PLACE OF TRIAL

The Commission requests Kansas City, Kansas as the place of trial.

Respectfully submitted,

GWENDOLYN YOUNG REAMS
Acting General Counsel

CHRISTOPHER LAGE
Deputy General Counsel

LISA MORELLI
Acting Associate General Counsel

ANDREA G. BARAN
Regional Attorney, MO Bar No.46520
D. Kan. Bar No. 18988

LAUREN JOHNSTON
Acting Supervisory Trial Attorney

/s/ LAUREN M. WILSON
LAUREN M. WILSON
Trial Attorney, FL Bar No. 1024850
U.S. Equal Employment Opportunity Commission
400 State Avenue, Suite 905
Kansas City, KS 66101
(913) 340-8824
Email: lauren.wilson@eeoc.gov