## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | |
| Plaintiff, | |
| and | |
| AREEJ SAIFAN, | |
| Plaintiff Intervenor, | Case No. 2:23-cv-02439-KHV-BGS |
| v. | |
| CHIPOTLE SERVICES, LLC, | |
| Defendant. | |

## DEFENDANT CHIPOTLE SERVICES, LLC'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO INTERVENOR AREEJ SAIFAN'S COMPLAINT

**COMES NOW** Defendant Chipotle Services, LLC ("Chipotle" or "Defendant"), by and through the undersigned counsel, files its Answer and Affirmative and Other Defenses to Plaintiff Intervenor Areej Saifan's Complaint.

## COMPLAINT IN INTERVENTION

Plaintiff Intervenor Areej Saifan, pursuant to Federal Rule of Civil Procedure 24(a) and 42 U.S.C. § 2000e-5(f)(1), brings this Complaint in intervention of right for legal and equitable relief to redress the injustices done to her by Defendant Chipotle Services, LLC ("Defendant").

**ANSWER:**   The unenumerated introductory statements set forth in the section titled "Complainant In Intervention" do not constitute short and plain statements of the claims purporting to show Plaintiff is entitled to relief, and, accordingly, Fed. R. Civ. P. 8 does not require that

1

Defendant admit or deny the truth of these statements. To the extent a response is required, each of these statements is denied.

<u>**JURISDICTION AND VENUE**</u>

1.     Jurisdiction is proper under 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.

**<u>ANSWER:</u>**   The allegations set forth in Paragraph 1 of the Intervenor Complaint are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

2.     This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

**<u>ANSWER:</u>**   Chipotle admits that Plaintiff Intervenor purports to bring claims under the statutes listed in Paragraph 2 of the Intervenor Complaint but denies that Plaintiff Intervenor is entitled to relief on any such claims. To the extent a response is required, Chipotle denies the remaining allegations.

3.     Venue is proper in this Court pursuant to 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment practices were committed within the jurisdiction of the United States District Court for the District of Kansas.

**<u>ANSWER:</u>**   To the extent the allegations set forth in Paragraph 3 of the Intervenor Complaint are intended to describe the allegations in the Intervenor Complaint that follow it, no response is required. Otherwise, Chipotle denies that any unlawful employment practices were committed within the United States District Court for the District of Kansas.

4856-8870-8255, v. 1

## PARTIES

4.    Plaintiff Equal Employment Opportunity Commission ("Commission") is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

**ANSWER:**    Chipotle admits that the Equal Employment Opportunity Commission (the "Commission") is an agency of the United States of America. The remaining allegations set forth in Paragraph 4 of the Intervenor Complaint are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

5.    Plaintiff Intervenor Areej Saifan ("Plaintiff Intervenor Saifan") is a resident of the State of Kansas.

**ANSWER:**    Chipotle lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 5 regarding Plaintiff Intervenor's state residency, and therefore denies the same.

6.    At all relevant times, Defendant Chipotle Services, LLC ("Chipotle" or "Defendant") has continuously been a limited liability company doing business in the State of Kansas and has continuously had at least fifteen (15) employees.

**ANSWER:**    Admitted.

7.    At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

**ANSWER:**    The allegations set forth in Paragraph 7 call for a legal conclusion, to which no response is required. To the extent a response is required, said allegation is denied.

## ADMINITRATIVE PROCEDURES

8.      More than thirty (30) days prior to the institution of this lawsuit, Plaintiff Intervenor Saifan timely filed a charge of discrimination (Charge No. 563-2021-02627) with the Commission. Her charge alleged Defendant violated Title VII.

**ANSWER:**   Denied.

9.      The Commission sent Defendant timely notice of Saifan's charge.

**ANSWER:**   Denied.

10.     On January 12, 2023, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Defendant violated Title VII by subjecting Plaintiff Intervenor to religious harassment, constructively discharging her employment, and retaliating against her.

**ANSWER:**   Chipotle admits that the Commission issued a Letter of Determination dated January 12, 2023, which letter stated the Commission had found reasonable cause to believe that Title VII was violated. Chipotle denies that reasonable cause exists to believe Title VII was violated. Any remaining allegations set forth in Paragraph 10 of the Intervenor Complaint that are not specifically admitted are hereby denied.

11.     The Letter of Determination invited Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

**ANSWER:**   Chipotle admits that the Commission issued a Letter of Determination dated January 12, 2023, which letter stated the Commission issued an invitation to join the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief. Chipotle denies that unlawful employment practices exist and

4856-8870-8255, v. 1

denies that the Commission engaged in conciliation efforts. Any remaining allegations set forth in Paragraph 11 of the Intervenor Complaint that are not specifically admitted are hereby denied.

12. The Commission engaged in communications with Defendant to provide it the opportunity to remedy the discriminatory practices described in the Letter of Determination and provide appropriate relief to Saifan.

**ANSWER:** Denied.

13. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

**ANSWER:** Chipotle admits that both parties did not reach an agreement related to the conciliation agreement. Chipotle denies the remaining allegations in Paragraph 13 of the Intervenor Complaint.

14. On May 24, 2023, the Commission issued to Defendant a Notice of Failure of Conciliation.

**ANSWER:** The letter referenced in Paragraph 14 of the Intervenor Complaint speaks for itself and, to the extent the allegations set forth in Paragraph 14 are consistent with or contravene the letter, they are denied.

15. All conditions precedent to the institution of this lawsuit have been fulfilled.

**ANSWER:** Denied.

## STATEMENT OF FACTS

16. Defendant owns and operates a restaurant, Chipotle Mexican Grill, located at 16101 W. 87th Street Lenexa, Kansas 66219.

**ANSWER:** Chipotle admits the allegations set forth in Paragraph 16 of the Intervenor Complaint.

17.     Defendant hired Plaintiff Intervenor Saifan as a line server for the restaurant in or around 2020.

**ANSWER:**     Denied.

18.     Plaintiff Intervenor Saifan is a Muslim woman.

**ANSWER:**     Chipotle is without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 18; therefore, said allegations are denied.

19.     In observance of her Islamic faith, Plaintiff Intervenor Saifan wears a hijab and did so throughout her employment at Chipotle.

**ANSWER:**     Chipotle is without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 19; therefore, said allegations are denied.

20.     Plaintiff Intervenor Saifan sincerely holds her Muslim faith.

**ANSWER:**     Chipotle is without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 20; therefore, said allegations are denied.

21.     Plaintiff Intervenor Saifan sincerely believes her faith requires her to wear a headscarf.

**ANSWER:**     Chipotle is without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 21; therefore, said allegations are denied.

22.     Kevin Silva Garcia ("Garcia") was an assistant manager for Defendant at the restaurant where Saifan worked.

**ANSWER:**     Denied.

23.     Kim Benavente-Fernandez ("Benavente-Fernandez") was a shift manager for Defendant at the restaurant where Saifan worked.

**ANSWER:**     Denied.

4856-8870-8255, v. 1

24.     Throughout Plaintiff Intervenor Saifan's employment with Defendant, Garcia supervised Saifan.

**ANSWER:**     Denied.

25.     Throughout Plaintiff Intervenor Safian's employment with Defendant, Benavente-Fernandez supervised Plaintiff Intervenor Saifan.

**ANSWER:**     Denied.

26.     Since at least July 2021, Defendant Chipotle has engaged in unlawful employment practices at its Lenexa location in violation of Section 703 of Title VII, 42 U.S.C. §§ 2000e-2.

**ANSWER:**     Denied.

27.     The unlawful practices include subjecting Plaintiff Intervenor Saifan to a barrage of harassing conduct based on her religion by her supervisor. The conduct included incessant requests to see Plaintiff Intervenor Saifan's hair and culminated in her supervisor grabbing and partially removing her hijab, exposing her hair.

**ANSWER:**     Denied.

28.     In early July 2021, when Plaintiff Intervenor Saifan was nineteen, Garcia began asking her to remove her hijab, telling her he wanted to see her hair.

**ANSWER:**     Denied.

29.     Plaintiff Intervenor Saifan immediately rebuffed Garcia's requests and explained that she wore the hijab because of her religious beliefs and could not remove it.

**ANSWER:**     Denied.

30.     Plaintiff Intervenor Saifan told Garcia his requests to see her hair were inappropriate for the workplace and that removing her hijab would be akin to removing her clothing and exposing her body.

**ANSWER:**     Denied.

31.     Garcia's harassment continued over several weeks, pressuring Plaintiff Intervenor Saifan to remove her hijab so he could see her hair.

**ANSWER:**     Denied.

32.     Garcia demanded to see Plaintiff Intervenor Saifan's hair approximately ten to fifteen times over the course of approximately one month.

**ANSWER:**     Denied.

33.     Each time Garcia demanded to see Plaintiff Intervenor Saifan's hair or asked her to remove her hijab, Saifan resisted Garcia's requests and reiterated her religious beliefs.

**ANSWER:**     Denied.

34.     At various times, Garcia made his requests in front of other employees.

**ANSWER:**     Denied.

35.     At various times, Garcia made his requests in front of Benavente-Fernandez.

**ANSWER:**     Denied.

36.     Plaintiff Intervenor Saifan complained to Benavente-Fernandez about Garcia's harassment, telling her it was unwelcome and made her uncomfortable.

**ANSWER:**     Denied.

37.     On at least one occasion, Benavente-Fernandez told Garcia he should stop asking to see Plaintiff Intervenor Saifan's hair, but Benavente-Fernandez took no further action to stop Garcia.

**ANSWER:**     Denied.

38.     Benavente-Fernandez did not report Garcia's harassment to higher management.

**ANSWER:**    Chipotle admits that Benavente-Fernandez did not report Plaintiff Intervenor Saifan's alleged harassment to Chipotle because there was no harassment or complaint to report. Chipotle denies the remaining allegations in Paragraph 38 of the Intervenor Complaint.

39.    Benavente-Fernandez's failure to further report Garcia violated Chipotle's policies.

**ANSWER:**    Denied.

40.    On August 9, 2021, Plaintiff Intervenor Saifan, Garcia, and Benavente-Fernandez were closing the restaurant for the evening and Garcia again began asking to see Plaintiff Intervenor Saifan's hair. Plaintiff Intervenor Saifan again refused, reiterating that she could not remove her hijab because of her religion.

**ANSWER:**    Denied.

41.    On August 9, 2021, Garcia advanced on Plaintiff Intervenor Saifan, reached out, grabbed her hijab, and yanked it. As a result, part of Plaintiff Intervenor Saifan's hijab came off, exposing her hair. Only the pins holding the hijab in place kept it from falling to the ground.

**ANSWER:**    Denied.

42.    Benavente-Fernandez witnessed Garcia's attempt to physically remove Plaintiff Intervenor Saifan's hijab.

**ANSWER:**    Denied.

43.    Plaintiff Intervenor Saifan reported Garcia's repeated requests to see her hair, her repeated opposition to his harassment, and Garcia's attempt to physically remove her hijab to Field Manager David Clark and Store Manager Gio Salcedo.

**ANSWER:**    Denied.

4856-8870-8255, v. 1

44.     On August 10, 2021, as a result of Garcia's threats and management's repeated failures to address the harassment, Plaintiff Intervenor Saifan resigned and tendered her two-weeks' notice, identifying August 24, 2021 as her last day of employment.

**ANSWER:**     Chipotle admits that Saifan resigned from her work at Chipotle. Chipotle denies the remaining allegations in Paragraph 44 of the Intervenor Complaint.

45.     On August 20, 2021, Chipotle terminated Garcia's employment not for his harassment but for engaging in a consensual romantic relationship with Benavente-Fernandez against company policy.

**ANSWER:**     Chipotle admits that Garcia was terminated, in part, for engaging in a consensual romantic relationship with Benavente-Fernandez against company policy. Chipotle denies the remaining allegations in Paragraph 45 of the Intervenor Complaint.

46.     Chipotle did not schedule Plaintiff Intervenor Saifan for any new shifts after she submitted her two-weeks' notice.

**ANSWER:**     Denied.

47.     It is Chipotle's usual practice to continue scheduling employees to work during the two-week period following an employee's two-weeks' notice.

**ANSWER:**     Denied.

48.     Other non-Muslim employees who tendered their two-weeks' notice at the same time as Plaintiff Intervenor Saifan continued to be scheduled for shifts at the Lenexa location during this time.

**ANSWER:**     Denied.

49.     On August 17, 2021, the store manager contacted Plaintiff Intervenor Saifan to ask if she would like to transfer to a different location "that way you don't lose your job."

4856-8870-8255, v. 1

**ANSWER:**    Chipotle admits that Chipotle offered Plaintiff Intervenor Saifan an opportunity to transfer to a different location to try to keep Plaintiff Intervenor Saifan from resigning if she preferred. Chipotle denies the remaining allegations in Paragraph 49 of the Intervenor Complaint.

50.    Defendant permitted Garcia to continue working at the Lenexa location until he was terminated.

**ANSWER:**    Admitted.

51.    Chipotle constructively discharged Plaintiff Intervenor Saifan from employment.

**ANSWER:**    Denied.

<h3 align="center">STATEMENT OF CLAIMS</h3>

<h3 align="center">COUNT I</h3>

<h3 align="center">(Title VII – Unlawful Harassment/Religion)</h3>

52.    Plaintiff Intervenor Saifan incorporates by reference the allegations in the foregoing paragraphs as if fully set forth herein.

**ANSWER:**    Chipotle realleges and incorporates its responses to the allegations in each of the preceding paragraphs as if fully set forth herein.

53.    Garcia's offensive and incessant requests that Plaintiff Intervenor Saifan remove her hijab and expose her hair were unwelcome, intentional, severe, pervasive, based on religion, and created a hostile working environment based on religion.

**ANSWER:**    Denied.

54.    Garcia's attempt to physically remove Plaintiff Intervenor Saifan's hijab, and his partial success, was unwelcome, intentional, severe, based on religion, and created a hostile working environment based on religion.

**ANSWER:**    Denied.

4856-8870-8255, v. 1

55.     Garcia was Plaintiff Intervenor Saifan's supervisor when he harassed her.

**ANSWER:**     Denied.

56.     Plaintiff Intervenor Saifan complained of Garcia's harassment and Defendant knew or should have known of the harassment anyway.

**ANSWER:**     Denied.

57.     Defendant failed to prevent or correct Garcia's harassment of Plaintiff Intervenor Saifan.

**ANSWER:**     Denied.

58.     Garcia's conduct was egregious, humiliating, and intimidating.

**ANSWER:**     Denied.

59.     The effect of the practices complained of above was to deprive Plaintiff Intervenor Saifan of equal employment opportunities and otherwise adversely affect her employment status based on her religion.

**ANSWER:**     Denied.

60.     The unlawful employment practices complained of were done with malice or with reckless indifference to the federally protected rights of Plaintiff Intervenor Saifan.

**ANSWER:**     Denied.

61.     As a direct and proximate result of the practices complained of in the foregoing paragraphs, Plaintiff Intervenor Saifan suffered and will continue to suffer actual pecuniary and non-pecuniary damages, including but not limited to lost earnings and benefits, emotional distress, pain and suffering, anxiety, loss of enjoyment of life, humiliation, embarrassment, and inconvenience.

**ANSWER:**     Denied.

WHEREFORE, in addition to the relief prayed for in the complaint in the principal action, Plaintiff Intervenor Saifan prays that this Court issue a judgment in her favor and that the Court order or award her the following:

a.  Injunctive relief;

b.  Back pay;

c.  Front pay;

d.  Compensatory damages;

e.  Punitive damages;

f.  Nominal damages;

g.  Pre-and post-judgment interest;

h.  Her costs, litigation expenses, expert witness fees, and reasonable attorneys' fees; and

i.  Any further relief to which she may be justly entitled.

**ANSWER TO WHEREFORE PARAGRAPH**: Subparagraphs A through I set forth in the Intervenor Complaint's "WHEREFORE" paragraph do not require a response under Fed. R. Civ. P. 8. To the extent a response is required, Chipotle specifically denies that Plaintiff Intervenor is entitled to any relief, including but not limited to the specific relief requested and enumerated in the Intervenor Complaint.

**COUNT II**

**(Title VII – Constructive Discharge)**

62.     Plaintiff Intervenor Saifan incorporates by reference the allegations in the foregoing paragraphs as if fully set forth herein.

4856-8870-8255, v. 1

**ANSWER:**    Chipotle realleges and incorporates its responses to the allegations in each of the preceding paragraphs as if fully set forth herein.

63.    Chipotle constructively discharged Plaintiff Intervenor Saifan because of her religion.

**ANSWER:**    Denied.

64.    A reasonable person in Plaintiff Intervenor Saifan's position would have felt compelled to resign when Plaintiff Intervenor Saifan did.

**ANSWER:**    Denied.

65.    The effect of the practices complained of above has been to deprive Plaintiff Intervenor Saifan of equal employment opportunities and otherwise adversely affect her employment status based on her religion.

**ANSWER:**    Denied.

66.    The unlawful employment practices complained of were intentional.

**ANSWER:**    Denied.

67.    The unlawful employment practices complained of were done with malice or with reckless indifference to the federally protected rights of Plaintiff Intervenor Saifan.

**ANSWER:**    Denied.

68.    As a direct and proximate result of the practices complained of in the foregoing paragraphs, Plaintiff Intervenor Saifan has suffered and will continue to suffer actual pecuniary and non-pecuniary damages, including but not limited to lost earnings and benefits, emotional distress, pain and suffering, anxiety, loss of enjoyment of life, humiliation, embarrassment, and inconvenience.

**ANSWER:**    Denied.

4856-8870-8255, v. 1

WHEREFORE, in addition to the relief prayed for in the complaint in the principal action, Plaintiff Intervenor Saifan prays that this Court issue a judgment in her favor and that the Court order or award her the following:

a.  Injunctive relief;

b.  Back pay;

c.  Front pay;

d.  Compensatory damages;

e.  Punitive damages;

f.  Nominal damages;

g.  Pre-and post-judgment interest;

h.  Her costs, litigation expenses, expert witness fees, and reasonable attorneys' fees; and

i.  Any further relief to which she may be justly entitled.

**ANSWER TO WHEREFORE PARAGRAPH:**   Subparagraphs A through I set forth in the Intervenor Complaint's "WHEREFORE" paragraph do not require a response under Fed. R. Civ. P. 8. To the extent a response is required, Chipotle specifically denies that Plaintiff Intervenor is entitled to any relief, including but not limited to the specific relief requested and enumerated in the Intervenor Complaint.

## COUNT III

### (Title VII – Retaliation)

69.     Plaintiff Intervenor Saifan repeats, re-alleges, and incorporates by reference the allegations in the foregoing paragraphs of this Complaint as if fully set forth herein.

15

**ANSWER:**   Chipotle realleges and incorporates its responses to the allegations in each of the preceding paragraphs as if fully set forth herein.

70.   Defendant engaged in unlawful employment practices in violation of Section 704 of Title VII. 42 U.S.C. § 2000e-3(a). Specifically, Defendant retaliated against Plaintiff Intervenor Saifan for engaging in protected conduct.

**ANSWER:**   Denied.

71.   Plaintiff Intervenor Saifan engaged in statutorily protected conduct on multiple occasions between July and August 2021 when she complained of the increasingly hostile work environment she was subjected to based on her religion as described above.

**ANSWER:**   Denied.

72.   Defendant retaliated against Plaintiff Intervenor Saifan for engaging in the protected conduct by refusing to schedule her for additional shifts unless she was willing to work at a different location, while allowing her harasser to continue working at the same location.

**ANSWER:**   Denied.

73.   The effect of the practices complained of has been to affect the terms and conditions of employment for Plaintiff Intervenor Saifan, to deprive her of equal employment opportunities, and to otherwise adversely affect her status as an employee based on her religion.

**ANSWER:**   Denied.

74.   The unlawful employment practices complained of were intentional.

**ANSWER:**   Denied.

75.   The unlawful employment practices complained of were done with malice or with reckless indifference to the federally protected rights of Plaintiff Intervenor Saifan.

**ANSWER:**   Denied.

4856-8870-8255, v. 1

76.     As a direct and proximate result of the practices complained of in the foregoing paragraphs, Plaintiff Intervenor Saifan suffered and will continue to suffer actual pecuniary and non-pecuniary damages, including but not limited to lost earnings and benefits, emotional distress, pain and suffering, anxiety, loss of enjoyment of life, humiliation, embarrassment, and inconvenience.

**ANSWER:**     Denied.

WHEREFORE, in addition to the relief prayed for in the complaint in the principal action, Plaintiff Intervenor Saifan prays that this Court issue a judgment in her favor and that the Court order or award her the following:

a.  Injunctive relief;

b.  Back pay;

c.  Front pay;

d.  Compensatory damages;

e.  Punitive damages;

f.  Nominal damages;

g.  Pre-and post-judgment interest;

h.  Her costs, litigation expenses, expert witness fees, and reasonable attorneys' fees; and

i.  Any further relief to which she may be justly entitled.

**ANSWER TO WHEREFORE PARAGRAPH:**     Subparagraphs A through I set forth in the Intervenor Complaint's "WHEREFORE" paragraph do not require a response under Fed. R. Civ. P. 8. To the extent a response is required, Chipotle specifically denies that Plaintiff Intervenor is

entitled to any relief, including but not limited to the specific relief requested and enumerated in the Intervenor Complaint.

## JURY DEMAND

Plaintiff Intervenor Saifan hereby requests a trial by jury on all counts and allegations of wrongful conduct alleged in this Complaint

**ANSWER TO JURY DEMAND:** Specifically responding to the unnumbered paragraph underneath the heading "Jury Demand," Chipotle states that no response is necessary. However, to the extent a response is required, Chipotle specifically denies that this action presents any genuine issues of material fact to support Plaintiff Intervenor's demand for jury trial.

## PLACE OF TRIAL

Plaintiff Intervenor Saifan requests that trial be held in Kansas City, Kansas.

**ANSWER TO PLACE OF TRIAL:** Specifically responding to the unnumbered paragraph underneath the heading "Place of Trial," Chipotle states that no response is necessary. However, to the extent a response is required, Chipotle specifically denies that this action presents any genuine issues of material fact to support Plaintiff Intervenor's demand for jury trial.

## AFFIRMATIVE DEFENSES

Chipotle hereby states the following affirmative and other defenses but does not assume the burden of proof on any such defense except as required by applicable law with respect to the particular defense asserted. Chipotle reserves the right to assert other affirmative and/or additional defenses and otherwise to supplement this Answer upon discovery of facts or evidence rendering such action appropriate.

## FIRST DEFENSE

Plaintiff Intervenor fails to state a claim upon which relief can be granted.

18

## SECOND DEFENSE

All claims brought pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and which are outside the scope of, or otherwise not included in Plaintiff Intervenor Saifan's Charge of Discrimination filed with, or not investigated by, the EEOC are barred because of the failure to satisfy the statutory prerequisites and/or because of a lack of subject matter jurisdiction.

## THIRD DEFENSE

Plaintiff Intervenor's claims are barred, in whole or in part, because all actions taken by Chipotle with respect to Plaintiff Intervenor were taken in good faith and for legitimate, non-discriminatory, non-pretextual, and non-retaliatory reasons and, as such, did not violate any legal right possessed by Plaintiff Intervenor.

## FOURTH DEFENSE

Some or all of Plaintiff Intervenor's claims are barred, in whole or in part, because no decisions or actions regarding Plaintiff Intervenor's employment were motivated by any impermissible factors.

## FIFTH DEFENSE

At all times, Chipotle's actions with regard to Plaintiff Intervenor have been in conformance with all applicable laws, rules, and regulations, and their rights have not been otherwise violated. Chipotle fulfilled all obligations owed to Plaintiff Intervenor under all applicable laws, rules, and regulations.

## SIXTH DEFENSE

Plaintiff Intervenor's claims are barred in whole or in part by the doctrines of waiver, accord and satisfaction, arbitration and award, assumption of the risk, contributory negligence,

4856-8870-8255, v. 1

duress, estoppel, failure of consideration, fraud, illegality, offset, setoff, laches, ratification, acquiescence, unclean hands, and/or avoidable consequences.

## SEVENTH DEFENSE

To the extent any of Chipotle employee(s) and/or agent(s) engaged in any unlawful conduct as alleged in the Intervenor Complaint, such actions were outside the scope and course of their employment and were not in furtherance of Chipotle's business. Alternatively, and/or additionally, any damages that Plaintiff Intervenor claims she suffered resulted from the acts or omissions of others for whom Chipotle is not liable. any such actions cannot be attributed or imputed to Chipotle, and Chipotle cannot be held liable for Plaintiff Intervenor's claims under theories of *respondeat superior*, vicarious liability, or any other manner of imputing liability.

## EIGHTH DEFENSE

Even if Chipotle employee(s) and/or agent(s) acted improperly toward Plaintiff Intervenor, which Chipotle denies, Chipotle cannot be held liable for such conduct because Chipotle neither knew of such conduct, acquiesced in such conduct, nor condoned or ratified such conduct.

## NINTH DEFENSE

Plaintiff Intervenor is not entitled to some or all of the relief requested because Chipotle's actions were not malicious, egregious, in bad faith, or in willful or reckless indifference or disregard to any legal rights of Plaintiff Intervenor.

## TENTH DEFENSE

No act or omission of Chipotle proximately caused or contributed to any of the injuries or damages allegedly sustained by Plaintiff Intervenor, and, therefore, Plaintiff Intervenor does not have any right of recovery against Chipotle.

## ELEVENTH DEFENSE

Chipotle denies any discriminatory or retaliatory intent toward Plaintiff Intervenor.

## TWELFTH DEFENSE

With respect to Plaintiff Intervenor's demand for punitive damages, Chipotle specifically incorporates by reference all standards of limitations regarding the determination and enforceability of punitive damages awards, including, but not limited to, those standards of limitation announced in *BMW of North America v. Gore*, 517 U.S. 559 (1996), *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001), *State Farm Mutual Automobile Ins. Co. v. Campbell*, 538 U.S. 408 (2003) and *Philip Morris USA v. Williams*, 549 U.S. 346 (2007).

## THIRTEENTH DEFENSE

Plaintiff Intervenor's claims are barred, in whole or in part, or recovery is due to be limited, in whole or in part, based on the after-acquired evidence doctrine.

## FOURTEENTH DEFENSE

To the extent any of the alleged conduct cited by Plaintiff Intervenor occurred, which Chipotle expressly denies, such conduct was not sufficiently severe or pervasive so as to constitute conduct for which there is a legal remedy.

## FIFTEENTH DEFENSE

To the extent any of the alleged conduct cited by Plaintiff Intervenor occurred, which Chipotle expressly denies, such conduct did not cause deteriorated working conditions sufficiently extraordinary and egregious to overcome a reasonable employee's motivation to remain on the job.

## SIXTEENTH DEFENSE

Plaintiff Intervenor's claims are barred, in whole or in part, because at the time of the alleged events set forth in the Intervenor Complaint, Chipotle exercised reasonable care to prevent

and promptly correct any alleged inappropriate behavior, including but not limited to, maintaining policies, practices, and procedures against the conduct alleged and Plaintiff Intervenor unreasonably failed to avail herself of the remedial measures therein.

## SEVENTEENTH DEFENSE

Plaintiff Intervenor's claims are barred, in whole or in part, and they are not entitled to some or all of the relief requested in the Intervenor Complaint due to Plaintiff Intervenor's consent to and/or voluntary participation in all or some of the acts alleged or conduct similar thereto.

## EIGHTEENTH DEFENSE

Plaintiff Intervenor's claims are barred, in whole or in part, because the alleged actions were de minimis in nature, intermittent, failed to rise to the level of outrageous conduct, and/or did not reasonably interfere with their work performance.

## NINETEENTH DEFENSE

The claims asserted in the Intervenor Complaint are barred, in whole or in part, by the applicable statute of limitations and/or governing administrative time limitations.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff Intervenor's claims are barred, in whole or in part, because the Plaintiff Intervenor failed to use reasonable care and diligence to mitigate her damages.

## TWENTY-FIRST DEFENSE

The Intervenor Complaint is barred, in whole or in part, because the Plaintiff Intervenor's claims are subject to mandatory and binding arbitration pursuant to an arbitration agreement she signed in connection with her employment.

### TWENTY-SECOND DEFENSE

Some or all of Plaintiff Intervenor's claims are barred to the extent that they failed to comply with or exhaust any applicable administrative, internal, and/or statutory remedies and/or prerequisites, or otherwise satisfy all conditions precedent for bringing and maintaining her claims.

### TWENTY-THIRD DEFENSE

Plaintiff Intervenor has failed to state a claim for retaliation because Plaintiff Intervenor did not engage in any statutorily protected activity and did not suffer any adverse employment action that was causally related to any protected activity.

### TWENTY-FOURTH DEFENSE

Plaintiff Intervenor's Complaint fails to state facts sufficient to state a claim for mental and emotional distress damages. If Plaintiff Intervenor suffered any emotional distress, which Chipotle denies, such emotional distress was proximately caused by factors other than Plaintiff Intervenor's employment with Chipotle, the actions of Chipotle, or anyone acting on its behalf. To the extent Plaintiff Intervenor suffered any emotional distress, Plaintiff Intervenor contributed to her own distress and, by reason of her contribution, any remedy to which she might otherwise be entitled must be denied or reduced accordingly.

### TWENTY-FIFTH DEFENSE

To the extent the Court determines that Plaintiff Intervenor is entitled to compensation or damages, which Chipotle expressly denies, Chipotle is entitled to a setoff of all amounts already paid, or overpaid, by Chipotle to Plaintiff Intervenor.

### RESERVATION OF RIGHTS

Because the Intervenor Complaint is couched in conclusory terms, Chipotle cannot fully anticipate all defenses that might be applicable to this action. Accordingly, Chipotle reserves the

4856-8870-8255, v. 1

right to assert such additional defenses that may appear and prove applicable during the course of

this action.

Respectfully submitted, this 29th day of January, 2024.

*/s/ Joshua J. Sipp*
Narcisa Przulj, #59755
600 Washington Avenue - 15th Floor
St. Louis, MO 63101-1313
314-231-3332
314-241-7604 (Fax)
nprzujl@sandbergphoenix.com

Joshua J. Sipp, #30158
4600 Madison Avenue, Suite 1000
Kansas City, MO 64112
816-627-5536
816-627-5532 (Fax)
jsipp@sandbergphoenix.com

**-and-**

Betsy Bulat (*pro hac vice*)
Georgia Bar No. 558428
Feifan Drouyor (*pro hac vice*)
Georgia Bar No. 184568
MARTENSON, HASBROUCK & SIMON LLP
2573 Apple Valley Road NE
Atlanta, GA 30319
T: (404) 909-8100
F: (404) 909-8120
bbulat@martensonlaw.com
fdrouyor@martensonlaw.com

*Attorneys for Defendant*

4856-8870-8255, v. 1

## CERTIFICATE OF SERVICE

I hereby certify that on January 29, 2024, the foregoing **DEFENDANT CHIPOTLE SERVICES, LLC'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES** has been sent via ECF notice to counsel for all parties:

Amy L. Coopman
Bridge Mediation, LLC
Po Box 3523
Shawnee, KS 66203
Amy@bridgemediationkc.com

Lauren M. Wilson, Esq.
U.S. Equal Employment Opportunity Commission
400 State Ave, Suite 905
Kansas City, KS 66101
(913) 359-1813
lauren.wilson@eeoc.gov

Joshua C. Stockton
U.S. Equal Employment Opportunity Commission
215 Dean A. McGee, Suite 524
Oklahoma City, OK 73102
joshua.stockton@eeoc.gov

*/s/ Joshua J. Sipp*
Joshua J. Sipp

25