IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | ) |
| and | )<br>) CIVIL ACTION<br>) |
| AREEJ SAIFAN, | ) No. 23-2439-KHV<br>)<br>) |
| Intervenor Plaintiff, | ) |
| v. | )<br>) |
| CHIPOTLE SERVICES, LLC, | )<br>) |
| Defendant. | )<br>)<br>) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion To Seal Or Redact Exhibits To Defendant's Motion For Summary Judgment And Plaintiffs' Motion For Partial Summary Judgment And Supporting Memorandum Of Law (Doc. #126) filed August 28, 2024. For reasons stated below, the Court overrules defendant's motion.

Federal courts have long recognized a common-law right of access to judicial records. Mann v. Boatright, 477 F.3d 1140, 1149 (10th Cir. 2007). This right stems from the fundamental public interest in understanding disputes that are presented to a public forum for resolution. See Nixon v. Warner Commc'ns, 435 U.S. 589, 599 (1978); Crystal Grower's Corp. v. Dobbins, 616 F.2d 458, 461 (10th Cir. 1980). In determining whether documents should be sealed, the Court weighs the public interest, which it presumes is paramount, against the interests advanced by the parties. Helm v. Kansas, 656 F.3d 1277, 1292 (10th Cir. 2011). The party seeking to overcome the presumption of public access must show that some significant interest which favors non-

disclosure outweighs the public interest in access to court proceedings and documents. Colony Ins. Co. v. Burke, 698 F.3d 1222, 1241 (10th Cir. 2012). To do so, the party must articulate a real and substantial interest that justifies depriving the public of access to the records that inform the Court's decision-making process. Id.; see also Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 n.16 (1981) (moving party must submit particular and specific facts, not merely "stereotyped and conclusory statements"). The Court must rely on specific, rather than general, information when deciding to seal. See United States v. Bacon, 950 F.3d 1286, 1294 (10th Cir. 2020).

On August 21, 2024, defendant filed its motion for summary judgment, attaching nine provisionally sealed exhibits. See Defendant's Motion For Summary Judgment And Supporting Memorandum Of Law (Doc. #113). That same day, plaintiffs filed their joint motion for partial summary judgment, along with four provisionally sealed exhibits in support of their motion. See Plaintiffs' Motion For Partial Summary Judgment (Doc. #117). On August 28, 2024, defendant filed this motion, seeking to seal or redact defendant's employees' time records, non-parties' text messages and defendant's personnel files. See Defendant's Motion To Seal (Doc. #126).

**I.     Time Records**

Plaintiff does not oppose defendant's request that the Court seal employee time records. Defendant asserts that general privacy interests caution against disclosure of such records. Defendant notes that the time records are "confidential" under the Protective Order (Doc. #37) filed January 30, 2024. The fact that a party designated the documents "confidential" under the protective order does not in itself provide sufficient reason to seal. Carfusion 213, LLC v. Prof'l Disposables, Inc., No. 09-2616-KHV, 2010 WL 2653643, at *1 (D. Kan. June 29, 2010); see also Helm, 656 F.3d at 1292 (parties cannot overcome presumption against sealing simply by showing records are subject to protective order). Defendant also asserts that general privacy interests

caution against disclosure of such records, and that the records provide commercially sensitive information about scheduling and planning, including the type of software system that it uses to track time.  Defendant has not shown that competitors cannot otherwise access information about its labor scheduling and time tracking systems, and any fear that a competitor could exploit such information is speculative.  Likewise, defendant has not shown how the disclosure of historical time records for a limited period would harm it or its former employees.  On balance, defendant has not shown how its interests and any individual privacy interests outweigh the public interest in access to the materials that form part of the basis of this lawsuit.  See Colony Ins., 698 F.3d at 1242.  The Court therefore overrules defendant's motion to seal those exhibits.

## II.     Text Messages

Defendant asks that the Court seal text messages between management employees about Areej Saifan's resignation notice and Gio Salcedo's attempt to contact Saifan.  Defendant asserts that disclosure of these communications would harm its business interest and its relationship of trust and confidentiality among managers.  In addition, defendant argues that Chipotle no longer employs the two management employees and they are not parties to this lawsuit, so their privacy interests outweigh the presumption of public access.  As with the time records, defendant has failed to explain how these text messages specifically implicate business or privacy concerns or how any risk of harm to the business or its former employees is more than speculative.  Because defendant has not shown that these interests outweigh the public interest in access to these materials, the Court overrules defendant's motion to seal on this issue.  See Colony Ins., 698 F.3d at 1242.

## III.    Defendant's Personnel Records

Defendant requests that the Court seal (1) its investigation files for Saifan and Kevin Garcia, which include Garcia's admission of a relationship with another employee; (2) Garcia's

termination notice; and (3) Kimberly Benavente-Fernandez's personnel file. Defendant claims that these documents contain information on (1) its internal investigation and termination processes, (2) its internal database; and (3) Benavente-Fernandez's compensation rates, employment records and time-off information. Defendant claims that these records are unrelated to this litigation, could damage its relationship of trust and confidentiality among its managers and employees, could cause economic and emotional harm to Garcia and implicate Benavente-Fernandez's reputational and privacy interests.

Like the time records and text messages, defendant has not explained how disclosure of its personnel records would harm it or its former employees. Again, defendant has not shown that its competitors could not otherwise obtain this information, or how the former employees would be harmed. On this record, defendant has not met the heavy burden to articulate a real and substantial interest which justifies depriving the public access to the records which inform the Court's decision process. See Colony Ins., 698 F.3d at 1242 (denying motions to seal where parties did not submit specific argument or facts indicating why confidentiality of settlement agreements outweighs presumption of public access). The Court therefore overrules defendant's motion to seal.[1]

**IT IS THEREFORE ORDERED** that Defendant's Motion To Seal Or Redact Exhibits To Defendant's Motion For Summary Judgment And Plaintiffs' Motion For Partial Summary Judgment And Supporting Memorandum Of Law (Doc. #126) filed August 28, 2024 is **OVERRULED**. **The Court directs the Clerk to unseal the following provisionally sealed**

---

[1] In the alternative, defendant requests an opportunity to suggest redactions. The Court declines to entertain defendant's request. Defendant had the opportunity to suggest redactions in its initial motion but decided not to do so. The Court's constitutional duties do not include ferreting out possible redactions and identifying factors which are necessary for it to conduct the nuanced balancing of the public's right of access against the parties' interests in non-disclosure.

**exhibits filed in support of defendants' motion for summary judgment: Docs. #114-1, 114-2, 114-3, 114-4, 114-5, 114-6, 114-7, 114-8, 114-9, 122-1, 122-2, 122-3 and 122-4.**

Dated this 27th day of September, 2024 at Kansas City, Kansas.

s/ Kathryn H. Vratil<br>
KATHRYN H. VRATIL<br>
United States District Judge