IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br>and<br><br>AREEJ SAIFAN,<br><br>Intervenor Plaintiff,<br>v.<br><br>CHIPOTLE SERVICES, LLC,<br><br>Defendant. | CIVIL ACTION<br><br>No. 23-2439-KHV |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion To Seal Or Redact Exhibits To Plaintiffs' Response To Motion For Summary Judgment And Supporting Memorandum Of Law (Doc. #141) filed September 18, 2024. For reasons stated below, the Court overrules defendant's motion.

Federal courts have long recognized a common-law right of access to judicial records. Mann v. Boatright, 477 F.3d 1140, 1149 (10th Cir. 2007). This right stems from the fundamental public interest in understanding disputes that are presented to a public forum for resolution. See Nixon v. Warner Commc'ns, 435 U.S. 589, 599 (1978); Crystal Grower's Corp. v. Dobbins, 616 F.2d 458, 461 (10th Cir. 1980). In determining whether documents should be sealed, the Court weighs the public interest, which it presumes is paramount, against the interests advanced by the parties. Helm v. Kansas, 656 F.3d 1277, 1292 (10th Cir. 2011). The party seeking to overcome the presumption of public access must show that some significant interest which favors non-disclosure outweighs the public interest in access to court proceedings and documents. Colony

Ins. Co. v. Burke, 698 F.3d 1222, 1241 (10th Cir. 2012). To do so, the party must articulate a real and substantial interest that justifies depriving the public of access to the records that inform the Court's decision-making process. Id.; see also Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 n.16 (1981) (moving party must submit particular and specific facts, not merely "stereotyped and conclusory statements"). The Court must rely on specific, rather than general, information when deciding to seal. See United States v. Bacon, 950 F.3d 1286, 1294 (10th Cir. 2020).

Defendant asks the Court to seal (1) employee time records, (2) its personnel records and (3) its daily labor report. Defendant's Motion To Seal (Doc. #141) at 2–3. Previously, the Court overruled defendant's request to seal employee time records and its personnel records. Memorandum And Order (Doc. #154) filed September 27, 2024. Defendant's current request to seal time records and personnel files covers more employees than its prior request. Even so, for substantially the reasons stated in the Court's Memorandum And Order (Doc. #154), the Court overrules defendant's request to seal employee time records and its personnel records.

Defendant also asks that the Court seal a daily labor report, which notes employee schedules, net sales and projected sales for one day at its store in Lenexa, Kansas. See Scheduled & Actual Labor Usage For Lenexa – 3397 on Monday 8/9/2021 (Doc. #132-16) filed September 11, 2024. Defendant argues that its time records and daily labor report contain commercially sensitive information about its scheduling, including the type of software it uses to track employee time. As with employee time records, defendant has not shown that competitors cannot otherwise access this information. Any fear that a competitor could exploit such information is speculative. On balance, defendant has not shown how its interests outweigh the public interest in access to the materials that inform the Court's decision-making process. See

Colony Ins., 698 F.3d at 1242.  The Court therefore overrules defendant's motion to seal.[1]

**IT IS THEREFORE ORDERED** that <u>Defendant's Motion To Seal Or Redact Exhibits To Plaintiffs' Response To Motion For Summary Judgment And Supporting Memorandum Of Law</u> (Doc. #141) filed September 18, 2024 is **OVERRULED**.  **The Court directs the Clerk to unseal the provisionally sealed exhibits (Exhibits 2, 4 through 11, 14, 16 and 20 to 24) attached to <u>Plaintiff's Index Of Evidence In Opposition To Defendant's Motion For Summary Judgment</u> (Doc. #132) filed September 11, 2024.**

Dated this 10th day of October, 2024 at Kansas City, Kansas.

s/ Kathryn H. Vratil  
KATHRYN H. VRATIL  
United States District Judge

---

[1] In the alternative, defendant requests an opportunity to suggest redactions.  As the Court noted in ruling on defendant's prior request, defendant had the opportunity to suggest redactions in its initial motion but decided not to do so.  The Court therefore declines to entertain defendant's request.