IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) Plaintiff, ) ) and ) ) AREEJ SAIFAN, ) ) Intervenor Plaintiff, ) ) v. ) ) CHIPOTLE SERVICES, LLC, ) ) Defendant. ) ) | CIVIL ACTION No. 23-2439-KHV |

**MEMORANDUM AND ORDER**

This matter is before the Court on the <u>EEOC's And Saifan's Motion To Strike Confidential Conciliation Material From Defendant's Response To Plaintiffs' Joint Motion For Partial Summary Judgment</u> (Doc. #143) filed September 19, 2024. For reasons stated below, the Court overrules plaintiffs' motion.

The EEOC seeks summary judgment on defendant's affirmative defense that the agency failed to conciliate Areej Saifan's claim. <u>Brief In Support Of Plaintiffs' Joint Motion For Partial Summary Judgment</u> (Doc. #118) filed August 21, 2024 at 7–8. In support of its motion for summary judgment, the EEOC presented an agency employee declaration which states that (1) the agency sent Chipotle a determination finding probable cause that it harassed and constructively discharged Saifan because of her religion and in retaliation for her protected opposition under Title VII and (2) between January 13, 2023 and May 12, 2023, it "engaged in communications with Chipotle, including email messages and sending Chipotle a conciliation proposal, to provide Chipotle the opportunity to remedy the discriminatory practices described in the Determination."

Declaration Of Natascha DeGuire Pursuant To 28 U.S.C. § 1746 (Doc. #121-7) filed August 21, 2024, ¶¶ 6–7.

In response to plaintiffs' motion for summary judgment and relying on the declaration of its counsel, Chipotle argues that the EEOC refused to negotiate about the scope of injunctive relief, it refused to discuss the factual or other background supporting its position and it refused to provide any monetary counteroffer to Chipotle's proposal.  See Declaration Of Feifan Drouyor Pursuant To 28 U.S.C. § 1746 (Doc. #129-7) filed September 11, 2024, ¶¶ 6–7.  Plaintiffs ask the Court to strike Chipotle's response and order it to refile the document without any facts or arguments related to confidential conciliation communications.

Title VII requires that before the EEOC files suit, it must attempt to eliminate any alleged unlawful employment practice by informal methods of conference, conciliation and persuasion. 42 U.S.C. § 2000e–5(b), (f)(1).  Absent the written consent of all parties, no party can use anything said or done during such informal endeavors as evidence in a subsequent proceeding. 42 U.S.C. § 2000e–5(b).

The EEOC's conciliation efforts must necessarily involve "communication between parties, including the exchange of information and views."  Mach Mining, LLC v. E.E.O.C., 575 U.S. 480, 488 (2015).  In other words, the EEOC "must provide the employer with an opportunity to discuss the matter in an effort to achieve voluntary compliance."  Id.  Ordinarily, the Court can determine whether the EEOC has satisfied its conciliatory obligation based on a "sworn affidavit from the EEOC stating that it has performed its [conciliatory] obligations . . . but that its efforts have failed."  Id. at 494.  "If, however, the employer provides credible evidence of its own, in the form of an affidavit or otherwise, indicating that the EEOC did not provide the requisite information about the charge or attempt to engage in a discussion about conciliating the claim, a

court must conduct the factfinding necessary to decide that limited dispute." Id. at 495.

The EEOC argues that based solely on the DeGuire declaration, the Court can conclude that the EEOC satisfied its obligation to attempt to confer.  As noted above, Chipotle has presented its own declaration, which disputes DeGuire's assertions and states that the EEOC did not attempt to engage in a discussion about conciliating the claim.  In its reply, the EEOC disputes Chipotle's claim that the DeGuire declaration is false.  Even so, the EEOC does not dispute that (1) it opened the door to communications about its conciliation efforts and (2) the declaration of Chipotle's counsel is "credible evidence" that the agency did not attempt to engage in a discussion about conciliating the claim.  Id.  The Court therefore overrules plaintiffs' motion to strike.

**IT IS THEREFORE ORDERED** that the EEOC's And Saifan's Motion To Strike Confidential Conciliation Material From Defendant's Response To Plaintiffs' Joint Motion For Partial Summary Judgment (Doc. #143) filed September 19, 2024 is **OVERRULED**.

Dated this 15th day of October, 2024 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge