UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　　　Plaintiff,<br><br>and<br><br>AREEJ SAIFAN,<br><br>　　　　Intervenor Plaintiff,<br><br>　　　　v.<br><br>CHIPOTLE SERVICES, LLC,<br><br>　　　　Defendant. | Case No. 23-2439-KHV-BGS |

**DEFENDANT'S REPLY BRIEF IN FURTHER SUPPORT OF ITS MOTION FOR CERTIFICATION FOR IMMEDIATE APPEAL UNDER 28 U.S.C. § 1292(b)**

Plaintiffs' Opposition to Chipotle's Motion for Certification for Immediate Appeal under 28 U.S.C. § 1292(b) (Doc. 162, Chipotle's "Motion"; Doc. 168, Plaintiffs' "Opposition") fails to rebut Chipotle's contention that an immediate appeal is warranted to resolve whether *Muldrow v. City of St. Louis, Mo.*, 601 U.S. 346 (2024) altered the standard for proving hostile work environment and constructive discharge claims under Title VII. Indeed, "Plaintiffs concede that *Muldrow*'s ultimate effect on hostile work environment claims is unsettled" and subject to "uncertain precedent." (Opposition at 5.) If Chipotle's Motion for Partial Reconsideration of the Court's Order Denying Chipotle's Motion for Summary Judgment (Doc. 163, Chipotle's "Motion for Partial Reconsideration") is not granted, Chipotle renews its request to certify this matter for immediate appeal for the reasons set forth in the Motion and herein.

## ARGUMENT AND AUTHORITIES

I. ***Muldrow*'s Effect On Hostile Work Environment And Constructive Discharge Claims Is A Controlling Question Of Law Because The Court's Ruling Will, Necessarily, Require Reversal Of A Final Judgment.**

Should the Court's December 3, 2024 Order on Chipotle's Motion for Summary Judgment (Doc. 158, the "Order") stand as is, it will require that the Court charge the jury with a standard other than the severe and pervasive standard for hostile work environment or constructive discharge claims or both. As Chipotle argued in its Motion, the deviation from long-established legal precedent setting the applicable standards for these claims will prejudicially mislead the jury, requiring appeal and necessitating reversal of any judgment it renders. (Motion at 7 n.6 [citing *Mitchell v. Mobil Oil Corp.*, 896 F.2d 463, 468 (10th Cir. 1990)]). Such an appeal and reversal will require a new trial, and the additional costs to retry this case will far exceed the appellate costs Plaintiffs reference in their Opposition.

II. **The Question To Be Submitted On Appeal Is An Abstract Question of Law, Which Is Appropriate For An Interlocutory Appeal Regardless Of The Procedural Posture.**

Plaintiffs argue that requests for immediate appeal under 28 U.S.C. § 1292(b) should be denied as a matter of course when an appeal is sought from an order deciding a motion for summary judgment. (*See* Opposition at 4 [citing *Ahrenholz v. Bd. of Trustees of Univ. of Ill.*, 218 F.3d 674, 767-77 (7th Cir. 2000)].) As an initial matter, this proposition ignores contrary examples in this Circuit's history. *See, e.g.*, *Rural Water Dist. No. 4, Douglas County, Kan. v. City of Eudora, Kan.*, 720 F.3d 1269 (10th Cir. 2013) (authorizing interlocutory appeal of a summary judgment denial); *Lusk v. Ryder Integrated Logistics*, 238 F.3d 1237, 1239 (10th Cir. 2001) (same regarding grant of summary judgment).

Plaintiffs' argument also overlooks the essence of the *Ahrenholz* decision. The court was concerned with disputes over whether a party opposing summary judgment has raised a genuine

issue of material fact masquerading as "questions of law." *Ahrenholz*, 218 F.3d at 676. The court explained that the "question of law" contemplated by 28 U.S.C. § 1292(b) is an "abstract legal issue rather than an issue of whether summary judgment should be granted." *Id.* at 677. The unstated premise of *Ahrenholz*'s conclusion is that the disposition of a motion for summary judgment will never turn into an abstract legal issue. However, the present matter is a clear exception to this general premise. Whether *Muldrow* altered the analysis to prove the requirements of a prima facie case of a hostile work environment claim is indisputably an abstract legal issue because it is entirely unrelated to the facts or evidence supporting Chipotle's Motion for Summary Judgment. Thus, Chipotle's request for an immediate appeal is proper because it seeks to address an abstract legal issue.

### III. Existing Tenth Circuit Precedent Does Not Align With *Muldrow*, And The EEOC's Contention Otherwise Misreads The Law.

As further explained in Chipotle's Reply Brief in Support of its Motion for Partial Reconsideration of the Court's Order Denying Chipotle's Motion for Summary Judgment filed contemporaneously herewith, Plaintiffs cite *Ford v. Jackson Nat'l Life Ins. Co.*, 45 F.4th 1202, 1231 (10th Cir. 2022), arguing that the Tenth Circuit has already adopted a lower standard for hostile work environment claims, which Muldrow merely "clarified." (*See* Opposition at 3.) Plaintiffs make this argument by selectively quoting *Ford*, all while ignoring the separate severe and pervasive analysis the *Ford* court engaged in. *E.g., Ford*, 45 F.4th at 1227 ("For this claim to survive summary judgment . . . she must demonstrate that the discrimination was sufficiently severe or pervasive . . . ."). Indeed, this Court has not held *Ford* out for the proposition that the Plaintiffs suggest—either pre or post *Muldrow*. *See, e.g.*, *Mitchell v. Ascension Via Christi Hospital St. Teresa, Inc.*, No. 2:24-cv-02052-EFM-TJJ, 2024 WL 40061115 at *6 (D. Kan. Aug. 30, 2024) (explaining that to prevail on a hostile work environment claim the plaintiff must show,

among other things, "that the discrimination was sufficiently *severe or pervasive*…") (emphasis added) (quoting *Ford v. Jackson Nat'l Life Ins. Co.*, 45 F.4th 1202, 1227 (10th Cir. 2022)); *Russell v. Wormuth*, No. , 2024 WL 4707958 at *22 (D. Kan. Nov. 7, 2024) ("*Ford v. Jackson National Live Insurance* provides further direction for the court's pervasiveness analysis."); *Pfannensteil v. Kansas*, No. 5:21-cv-04006-HLT, 2023 WL 4623848 at *14 (D. Kan. July 19, 2023) (discussing severe and pervasive standard) (quoting *Ford*, 45 F.4th at 1228)).

Further to the above point, the Court's Order did not—as Plaintiffs suggest—hold that Plaintiffs sufficiently demonstrated severe and pervasive harassment. To the contrary, the Court's analysis was expressly rooted in whether the EEOC merely "show[ed] 'some harm' or 'some disadvantageous change' with respect to" Saifan's "term[s] or condition[s] of employment." (Order at 16 [citing *Muldrow*].) The Court itself acknowledged that this is *not* the same as a severe or pervasive showing. (*Id.* at 16 n.15 [explaining that conduct meeting *Muldrow*'s standard might not rise to the level of conduct that is either severe and/or pervasive].) As a matter of logic, the Court's finding of "some harm" does not, necessarily, stand for the proposition that Plaintiffs demonstrated severity or pervasiveness, or, as the EEOC puts it, that the Court agreed with Plaintiffs' argument on these precise points.

### IV. An Immediate Appeal Will Materially Advance The Ultimate Termination Of The Litigation.

The EEOC argues that because the trial is set for April, an immediate appeal will necessarily cause a delay. However, the cases it cites in support of this general proposition are limited by their specific facts. Those cases involved situations where trial was a month away. *See Par. Oil Co. v. Dillon Companies, Inc.*, No. 05-CV-00081 REBPAC, 2006 WL 2790429, at *2 (D. Colo. Sept. 27, 2006) ("Trial is scheduled to commence in little more than a month"); *Keller v. Bd. of Educ. of City of Albuquerque, New Mexico*, No. CV 00-1667 MV/LFG, 2002 WL 35650124, at

*3 (D.N.M. Jan. 28, 2002) (thirty-five days). In those cases, it was unlikely that an appeals court could render an opinion quickly enough. Here, on the other hand, trial is scheduled to take place in approximately 83 days. This is sufficient time for an appellate court to render an opinion using an expedited briefing schedule, which Chipotle intends to request. Further, should trial proceed without an appeal first, an appeal and a reversal would necessarily follow the trial, delaying resolution of this matter not just for months, but possibly for years.

## CONCLUSION

For the foregoing reasons, if the Court denies Chipotle's Motion for Partial Reconsideration of the Court's Order Denying Defendant's Motion for Summary Judgment, Chipotle respectfully requests that the Court certify the within question for immediate appeal under 28 U.S.C. § 1292(b).

Respectfully submitted,

                                   Respectfully submitted,

                                   */s/ Joshua J. Sipp*_____
                                   Betsy Bulat (*pro hac vice*)
                                   Georgia Bar No. 558428
                                   Feifan Drouyor (*pro hac vice*)
                                   Georgia Bar No. 184568
                                   MARTENSON, HASBROUCK & SIMON LLP
                                   2573 Apple Valley Road NE
                                   Atlanta, GA  30319
                                   T: (404) 909-8100
                                   F: (404) 909-8120
                                   bbulat@martensonlaw.com
                                   fdrouyor@martensonlaw.com

                                   -and-

                                   Joshua J. Sipp # 30158
                                   Sandberg, Phoenix & von Gontard
                                   4600 Madison Ave., Suite 1000
                                   Kansas City, MO 64112
                                   (816) 425-9710

jsipp@sandbergphoenix.com

*Attorneys for Defendant*

-7-

## CERTIFICATE OF SERVICE

I hereby certify that on January 21, 2025, **DEFENDANT'S REPLY BRIEF IN FURTHER SUPPORT OF ITS MOTION FOR CERTIFICATION FOR IMMEDIATE APPEAL UNDER 28 U.S.C. § 1292(b)** has been sent via the Court's CM/ECF system, which will cause a true and correct copy of the same to be served electronically on all ECF-registered counsel of record.

                                                              */s/ Joshua J. Sipp* _____
                                                              Joshua J. Sipp